UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUDITH PETERS,

    Plaintiff,

v.                                           Case No:   6:15-cv-694-Orl-18TBS

BOEHRINGER-INGELHEIM
PHARMACEUTICALS, INC.,

    Defendant.

## ORDER

    This case comes before the Court on Defendant's Motion to Compel Proper and Full Responses to its Requests for Production of Documents and Interrogatories (Doc. 22). Plaintiff opposes the motion (Doc. 23). For the reasons that follow, the motion is due to be granted.

    On July 27, 2015 Defendant served interrogatories and requests for production on Plaintiff (Id., ¶ 5). Plaintiff failed to respond to this discovery within 30 days of being served. After the discovery was past due, counsel for Plaintiff requested an extension of time to September 3, 2015 to respond (Doc. 23, ¶ 5). Defendant denies agreeing to the extension, but the Court finds that at a minimum, Defendant acquiesced to it (Doc. 22, ¶ 3). Plaintiff responded to the interrogatories on September 11, 2015 (Doc. 22-2). Her answers were untimely, unverified, incomplete, and included objections (Id.). She did not respond to the request for production.

    On September 15, 2015, Defendant gave Plaintiff a link and instructions for uploading documents responsive to the request for production (Doc. 22, ¶ 5). On September 28, 2015, Plaintiff uploaded 55 electronic files and stated that she would send

written responses to the discovery by the following afternoon (Id., ¶ 9). Plaintiff reports encountering difficulty using the link and says some of the sub-folders she attempted to upload were "stripped off … due to the idiosyncrasies of the proprietary system." (Doc. 23, ¶ 5). On October 1, Plaintiff delivered a jump drive containing 110 additional folders of documents to Defendant (Doc. 22, ¶ 11). In an October 6 email, counsel for Plaintiff wrote,

> I have spoken with my client and I am in the process of providing a detailed response to the request for production. I will provide it to you TODAY within a matter of hours. After you have reviewed. If, after doing so, you believe that there is additional information not accounted for, please call me prior to a motion to compel. You WILL have a response this afternoon.

(Doc. 22-5 at 1). That evening, Plaintiff's counsel emailed an "updated response to the request for production," said his client was bringing in another jump drive containing additional documents the next day, and that when Plaintiff came in, she would sign her interrogatory answers in front of a notary (Id., at 2). Defendant received the second jump drive containing 165 additional electronic files on October 9 (Doc. 22, ¶ 16). Defendant complains that in addition to being untimely, Plaintiff's responses to the document requests are incomplete, and for the most part, are not identified or organized to correspond to the requests for production (Doc. 22 at 7).

Plaintiff argues that Defendant is attempting to make the situation appear more egregious than it really is (Doc. 23, ¶ 7). She denies any attempt to thwart discovery and notes that she has not refused to answer any interrogatories (Id., ¶ 9). While Plaintiff furnished answers to all of the interrogatories, many of her responses are "subject to" objections (Doc. 23-4). This leaves Defendant in doubt as to whether Plaintiff's answers are complete.

- 2 -

Plaintiff describes the document requests as "voluminous," and her response as "comprehensive." (Doc. 23, ¶¶ 10-11). To the extent Plaintiff believes the requests for production are "voluminous," she did not seek an enlargement of time to respond until after her responses were overdue, and she never requested a protective order. And, Plaintiff admits her response to the requests for production is still not complete, although she says the remaining issues will be resolved and therefore, the motion to compel was unnecessary (Id., ¶¶ 12-13).

Plaintiff argues that when Defendant has asked for extensions of time she has consented; her FED. R. CIV. P. 26(a)(1) disclosures were more detailed than Defendant's; and she did not object when Defendant subpoenaed information from a third party. The Court fails to see what this has to do with Plaintiff's fulfillment of her discovery obligations.

Plaintiff's remaining argument is that she has produced documents as they have come to her attention (Id., ¶ 6). But, Plaintiff says nothing about her attempts to locate responsive documents, or why all responsive documents could not be located and produced within 30 days of receiving Defendant's request.

Parties may propound interrogatories to each other, relating to any matter within the scope of discovery. FED. R. CIV. P. 33(a). The responding party must answer or object to each interrogatory within 30 days of being served with the interrogatories. FED. R. CIV. P. 33(b)(2). Plaintiff's answers to the interrogatories were due by August 31, 2015. After giving her the benefit of the alleged agreed extension to September 3, Plaintiff's answers were still untimely because she did not provide them until September 11, and then they were not signed under oath.

Plaintiff objected to multiple interrogatories. An objection to an interrogatory that is not timely stated is waived "unless the court, for good cause, excuses the failure."

FED. R. CIV. P. 33(b)(4). Plaintiff has not offered any reason, let alone good cause, for her failure to provide timely answers and objections. Additionally, if a party has a sustainable objection to all or part of a discovery request it may make that objection. But, if the objection is to only part of the discovery request then the objecting party must make clear that it is only providing a partial response. Otherwise, the party is deemed to have waived its objection. Siddiq v. Saudi Arabian Airlines Corp., No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) (citing Sewell v. D'Alessandro & Woodyard, Inc., No. 2:07-cv-343-FtM-29SPC, 2011 WL 1232347, at *2 (M.D. Fla. Mar. 30, 2011) (noting that courts deem an objection waived when it is accompanied by a response.). Now, all of Plaintiff's objections to the interrogatories are **OVERRULED**. Plaintiff shall answer Defendant's interrogatories in full, under oath, within 7 days from the rendition of this Order.

Parties may serve requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample" documents, electronically stored information, or other "tangible things" that are "in the responding party's possession, custody, or control." FED. R. CIV. P. 34(a)(1). Requests "(A) must describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection...; and (C) may specify the form or forms in which the electronically stored information is to be produced." FED. R. CIV. P. 34(b)(1).

The recipient of a request for production has 30 days to respond. FED. R. CIV. P. 34(b)(2)(A). For each request, the responding party "must either state that inspection ... will be permitted as requested or state an objection to the request, including the reasons." FED. R. CIV. P. 34(b)(2)(B). Documents must be produced as they are kept in the

ordinary course of business or must be "organize[d] and label[ed] to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). When a party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34," the requesting party can move for an order compelling production. FED. R. CIV. P. 37(a)(3)(B)(iv). "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request is "treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4).

"There is substantial legal precedent supporting the general rule that if a party fails to respond in writing within thirty days of being served with a request for production of documents, it is appropriate for the court to find that the party's objections are waived, unless the court finds good cause and excuses that failure." Enron Corp. Savings Plan v. Hewitt Assocs., L.L.C., 258 F.R.D. 149, 156 (S.D. Tex. 2009); see also Bank of Mongolia v. M & P Global Fin. Servs., Inc., 258 F.R.D. 514, 518 (S.D. Fla. 2009) (defendant who failed to timely object to document requests and failed to respond to inquiries concerning the whereabouts of defendant's responses waived its objections); Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc., 269 F.R.D. 143 (D. P.R. 2010) (responding party that fails to make a timely objection may be found to have waived any objections); Applied Sys., Inc. v. N. Ins. Co. of N.Y., No. 97 C 1565, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997) (party's failure to raise a timely objection to discovery requests may constitute a waiver of the objection, including the waiver of objections based upon privilege).

Plaintiff's response to the requests for production was untimely and she has not offered a persuasive excuse for her failure to comply with FED. R. CIV. P. 34. Accordingly, Plaintiff's objections to Defendant's requests for production are **OVERRULED**. Plaintiff shall respond fully to the requests to produce, including by

organizing and identifying her documents to correspond to Defendant's requests, within 7 days from the rendition of this Order.

When a court grants a motion to compel, or the requested discovery is provided after the motion is filed, the requesting party is entitled to its costs, including reasonable attorney's fees, unless: (i) the requesting party failed to make a good faith attempt to obtain the discovery without a court order; (ii) the responding party's position was substantially justified; or (iii) other circumstances make an award of expenses unjust. F ED. R. C IV. P. 37(a)(5)(A). None of the exceptions apply, and the Court finds that Plaintiff is liable to Defendant for its reasonable legal expenses, including attorney's fees, incurred in connection with the motion to compel. Defendant has 14 days from the rendition of this Order within to file its application for fees and costs and then Plaintiff will have 14 days to respond. The parties may avoid this procedure by agreeing to the amount before Defendant's application is filed.

**DONE** and **ORDERED** in Orlando, Florida on November 30, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record